## CAVELIER et al. *v.* MOSS.

Where the declarations of a witness are the only evidence of his having been interested, and those declarations establish the release of that interest, they must be taken together as proving his competency.

Where, in an action of revendication instituted by a former possessor to recover a slave, both parties are in good faith, and claim under titles which they believe to be just, but neither has possessed under his title long enough to perfect it by prescription, their condition being equal the defendant cannot be evicted by a title not superior to his own.

APPEAL from the Parish Court of New Orleans, *Maurian J. Blache*, for the plaintiffs. *W. H. Hunt*, for the defendant. *Prentiss* and *Finney*, for the appellants. The judgment of the court was pronounced by

ROST, J. This is the action of revendication, based upon a just title not perfected by prescription, named in the roman law, *Actio Publiciana*.[*]

The plaintiffs purchased and took possession of a slave in the State of Mississippi, in 1838. They held him on their plantation in Louisiana till the year 1844, when he ran away, and, having found him in the possession of the defendant, they instituted the present action against him. The defendant pleaded a purchase from *Porterfield*, in Mississippi, in December, 1844; and also that his vendor had a good title. There was judgment against him, and he appealed.[†]

The testimony of several witnesses, taken under commission, and offered by the defendant in support of his possession and title, was excepted to by the plaintiffs, and rejected by the court. It has come up with the record, and a perusal of it has satisfied us that it should have been admitted. Those witnesses were called upon by the defendant to testify against the interest they might have in the event of the suit, and did so testify. If they had not, their interest is only shown by their declarations, and those declarations establish their release; their evidence must be taken together. 1 Greenleaf on Evidence, nos. 95, 398, 422.

The evidence shows that the slave in controversy was in the possession of *Sparks* in 1834, and that he sold him to *Elliott*, in 1836; *Elliott* sold to *Fox*; *Fox* to *Gray*, *Gray* to *Knox*, in 1837, and *Knox* to *Porterfield*, in 1844. It is also shown that, in 1837, the slave ran away from *Knox*, who advertised him, and offered a reward for him; and that, in 1844, he was apprehended in Mississippi, and delivered by the jailor to *Knox*, who paid the reward, and sold him to *Porterfield*, under whom the defendant claims.

The plaintiffs have not justified the possession of their vendor, by showing a title in him under which they could prescribe. The defendant has equally failed to justify the possession of the original vendor, *Sparks*. Both parties are in good faith, and claim under titles which they believe to be just. Neither has possessed long enough under his title to perfect it by prescription. They are

---

[*] The counsel for the plaintiffs, in an application for a rehearing, contended that the *Publiciana in rem actio* is inapplicable to the case of a fugitive slave. Hæc actio in his quæ usucapi non possunt, puta furtivis, *vel in servo fugitivo*, locum non habet. Dig. lib. 6, tit. 2, l. 9, § 5. The action *Rei vindicatio* applies to such a case. The *Actio Publiciana* is unknown to our laws. The action before the court is simply a petitory action, or action of revendication, as it is termed by art. 43 of the Code of Practice.

[†] The judgment below was against the defendant; but in his favor against his warrantors, and the latter appealed. The answer of the defendant alleges that the purchase was made from *Porterfield*, in *New Orleans*. R.

of equal condition, and the defendant cannot be evicted by a title not superior to his own. " L'ancien possesseur de bonne foi n'est pas pareillement reçu à revendiquer la chose dont il a perdu la possession, contre un possesseur qui, sans en être propriétaire, la posséderait en vertu d'un juste titre. Car les deux partis étant dans ce cas d'égale condition, le possesseur actuel doit avoir la préférence. In pari causâ, potior causa possessoris." Pothier, Droit de Propriété, no. 294.

It is therefore ordered, that the judgment in this case, as it affects the defendant and his warrantor, be reversed; and that there be judgment against the plaintiffs, and in favor of the defendant and of the warrantor, with costs in both courts.